Brinckerhoff
v.
Wemple.

*Assumpsit for money had and received, may be maintained by one tenant in common a-gainst another, where one re-ceives the whole amount of damages as-sessed for the land owned in common, tak-en for the con-struction of the canals ; and where a receipt for money thus received was produced, and the identity of the farm con-clusively shewn, it was held unneces-sary to produce the appraisers' books of en-tries to shew a description of the premises. Trustees con-stitute in law but one person, and must ne-cessarily join in the bringing of an action. The comple-tion of the ca-nal does not divest the own-er of the fee of the land occu-pied for the canal ; the fee passes on the payment of the damages as-sessed, and not before.*

## A. BRINCKERHOFF and C. CORLIES vs. I. E. WEMPLE.

THIS was an action of *assumpsit* for money had and re-ceived, tried at the Albany circuit, in February, 1828, before the Hon. WILLIAM A. DUER, one of the circuit judges.

The defendant and William Wemple were tenants in com-mon of a farm in the town of Florida, in the county of Mont-gomery. On the 10th June, 1810, W. Wemple conveyed his undivided moiety of the farm to George Brinckerhoff, in trust to sell and dispose of the same, and to apply the pro-ceeds to the payment of certain debts, owing by the grantor to his creditors in the city of N. York. On the 2d August, 1823, George Brinckerhoff conveyed the same property, by deed, to the plaintiffs, subject to the same trust. Notice to the defendant, of these conveyances, was shewn. A receipt, signed by the defendant, was produced and read in evidence, in these words : " Florida, Feb'y 28, 1825. Received of Henry Seymour, canal commissioner, four hundred and three dollars, the amount of an award made in my favor by the canal commissioners, in consideration of the damages which I have sustained by the construction of the Erie canal through my lands in the town of Florida." Henry Sey-mour, Esq., one of the canal commissioners, was called, and testified that he paid the money specified in the receipt, to the defendant. (The defendant's counsel objected to the witness' testifying as to the land mentioned in the receipt, insisting that the books of the commissioners, containing sur-veys of the land taken by them for the canal, and for which they had allowed damages, should be produced, which ob-jection was overruled.) The witness stated that no partic-ular entries of the surveys, or of the lands taken for the canal, had been made or kept ; that $348, part of the sum mention-ed in the receipt, were awarded and paid to the defendant, for the land taken for the canal, from a farm occupied by him in Florida, and the residue, viz. $55, was awarded and paid for damage done to a separate piece of land. The identity

of the farm owned by the parties, and that for which the damages were paid, was conclusively shewn.

The defendant's counsel moved for a nonsuit, on the grounds that the plaintiffs had showed no right of action in the declaration ; and that the plaintiffs could not sue jointly. The judge refused the motion, but reserved the questions for the decision of the supreme court; and a verdict was taken for the plaintiffs, subject to the opinion of this court, for the sum of $186 18.

*J. Platt*, for plaintiffs. The parties were tenants in common of the farm, for an injury to which, by means of the canal passing through the same, $348 were paid to the defendant, by the agent of the state. The defendant had not the power to conclude the plaintiffs by accepting that sum, but they might ratify the act, and did so by bringing their action to recover the moiety; and the defendant is responsible to them for so much money had and received to their use, in an action of assumpsit, which is the appropriate remedy, and in which they must necessarily join.

*M. T. Reynolds*, for defendant. The testimony of Mr. Seymour, the canal commissioner, was inadmissible without the production of the written entries relative to the appraisement of damages for property taken for the canal ; for, though he states that there were no entries of the surveys, he does not say that there were no entries kept of the appraisements, the presumption being that there were such entries, as they were expressly required by law to be made ; and to prove them, both the appraisers should have been produced, or the books exhibited. Evidence of a higher character than parol testimony existed, and ought not to have been dispensed with.

The evidence did not support the declaration. The money was received by the defendant, for damages which *he* had sustained by the construction of the canal through *his* lands; and it would be unjust to deprive him of half the sum, after the time for appeal has expired. If the damages were assessed and paid to him under the belief that he was the sole owner of the land, the state may recover it back as mon-

ey paid by mistake, but the plaintiffs have no claim upon it ; they may yet have *their* damages assessed. By the payment of the damages, the fee of the land passed to the state. Can one tenant in common, by any act of his, convey away the title of his co-tenant? The remedy of the plaintiffs, if any, was by action of *account*, or bill in equity ; (*Willes*, 208 ; 8 *Cowen*, 304 ;) but they showed no cause of action. The eastern section of the Erie canal, which passed through the farm in question, was completed previous to the 15th November, 1822. This is matter of history, and will be judicially noticed. At that time, the claim for damages existed ; and then *George* Brinckerhoff was the owner of the property now claimed by the plaintiffs. A chose in action is not the subject of assignment. The title of the plaintiffs did not accrue until August, 1823, and the damages had been sustained previous to that time.

The plaintiffs could not sue *jointly.* The plaintiffs and the defendant were tenants in common of the farm. It cannot be that two persons shall be *joint tenants* of a moiety, and another hold as tenant in common the residue. As tenants in common they may unite in an action for an injury to their common property ; but if one receives a sum of money to which all are entitled, each of the others must sue for his share, and they cannot unite in an action. (3 *Bos. & Pul.* 235. 1 *Chitty's Pl.* 8, 9.)

*J. Platt*, in reply, admitted that an undivided moiety of land could not be held in joint tenancy, and the residue in tenancy in common ; but he said one moiety might be held by A. and B. as joint tenants, and the other moiety by C. as a tenant in common ; and as to the entirety, the joint tenants would be tenants in common with the other owner. As *trustees*, the plaintiffs could not hold otherwise than as *joint tenants.* The court will not assume that the canal was completed previous to the accruing of the plaintiff's title. If such is the fact, it ought to have been shewn on the trial. The defendant cannot object that the books of the appraisers were not produced on the trial : they were not called for. Had the call been made, they might have been shewn, or their

non-production accounted for. Nor was it necessary that both appraisers should have been called. The receipt of the defendant was conclusive against him, whether he received the money on appraisement or on compromise. The plaintiffs were entitled to a moiety, if they chose to ratify his act, and to recover it in assumpsit ; for, why resort to an action of account, when there was but one item of demand ? and a bill in equity would have been dismissed, as the remedy of the plaintiffs was perfect at law.

*By the Court,* SAVAGE, Ch. J.  I will consider the objections in the order in which they were made. It was objected, that Seymour should not testify as to what lands were paid for, without producing the books of the appraisers. Mr. Seymour's testimony contains an answer to the objection, to wit, that they had no books of entries. The counsel, however, still insists on the objection, and refers to the several acts of the legislature, by which it is made the duty of the appraisers to make regular entries of their appraisal, with a description of the premises appropriated to the canal, which entries are to be signed by the appraisers. The damages are to be paid by the canal commissioners ; and the fee simple of the premises so appropriated, shall be vested in the people of the state. (*Statutes, vol.* 4, 203 *b.*) Admitting that such a book had been in court, I do not see the necessity of producing it by the plaintiffs. Their title to the land being shewn, the defendant's receipt admitted the receipt of the money, and it was shewn that the lands mentioned in the receipt and in the plaintiffs' deeds, were the same. The plaintiffs' right of recovery was made out without Seymour's testimony, to half of the whole sum at least, *prima facie.* The object of Seymour's testimony was, to shew that the plaintiffs were entitled to only half of $348, instead of $403. The book was not wanted for the purpose of specifying the lands paid for ; that had been already done by other testimony : the book was, therefore, not necessary.

The next objection is, that the evidence did not support the declaration. In answer to this, it is only necessary to say, that the defendant had received from the state payment

for a piece of property, which was owned half by himself and half by the plaintiffs. Clearly, therefore, half the money which he thus received, was received to the use of the plaintiffs.

The remaining objection is, that they could not sue jointly. The answer to this objection is, that the plaintiffs, both as trustees, constituted but one person, as respected the property in question. They had no separate rights in relation to it, and could no more sue separately, than executors or administrators can sue separately for a debt due them in their representative capacity.

These objections were made upon the trial. On the argument, it was further objected, that both appraisers should have been produced. I have endeavored to shew, that it was not necessary to produce either of the appraisers, to prove either the payment of the money, or the land for which it was paid. The receipt of the defendant, with the explanation given to it, was sufficient to make out the plaintiff's right of recovery. It was also further objected, that as the canal was finished before the conveyance to the plaintiffs by George Brinckerhoff, the plaintiffs had no right to the money; that George Brinckerhoff only had a right of action which could not be conveyed. The answer is, that the completion of the canal did not divest the former owner of the fee of his lands occupied for the canal. By the act already referred to, the payment of the money seems to be a condition precedent to the passing of the fee from the former owner to the people of the state. The language of the act is thus: "And the canal commissioners shall pay the damages so to be assessed and appraised, and the fee simple of the premises so appropriated, shall be vested in the people of this state." The title of the plaintiffs bears date Aug. 3d, 1823. The payment by Mr. Seymour was Feb. 28th, 1825. The fee simple of one half was, therefore, in the plaintiffs until the payment of the money, which was long after the title accrued.

Judgment for plaintiffs.