By the Court,

Bronson, J.
The people of this state, by their proper agents, entered upon that portion of the plaintiff’s land which lies within the external lines of the canal, and appropriated it to the public use. Although the absolute fee did not pass to the state until the appraisement of damages, yet the right to enter and use the property was perfect the moment the appropriation was made. (1 R. S. 220, § 16, and p. 226, § 52. Rogers v. Bradshaw, 20 John. R. 735. Brinckerhoff v. Wemple, 1 Wend. 470.) No formal resolution of the commissioners to take the land was necessary. (See Lyon v. Jerome, 15 Wend. 569.) Entering upon the land and laying oiit and commencing the work amounted to a sufficient appropriation.
*348 The state takes a fee—not a mere usufructuary interest; (1 R. R. 226, § 52;) and there is no appropriation of one kind of earth and not of another. The people do not get the soil and lose the stone. They take the land, including, of course, every thing both upwards and downwards. If they did not take the land, they took nothing; for there is no pretence that the public agents appropriated any particular portion of the property to the exclusion of the rest.
The plaintiff’s counsel have laid great stress upon the fact that the defendants, in their contract with the commissioners, agreed to furnish all the materials for doing the work. But I am unable to see how that fact proves any thing in favor of the plaintiff. If the defendants have used materials which belonged to the state, instead of providing them at their own expense, the commissioners will undoubtedly have that matter properly adjusted when the defendants are paid for building the locks.
Although the commissioners inserted a stipulation that the defendants should furnish all the materials, I think it was intended that the defendants should use such materials as came out of the lock pits and prism of the canal, so far as they would answer the purpose. As to excavations of earth, this plainly appears in several clauses of the contract; and I see no reason for drawing any distinction, so far as relates to this question, between excavations of earth, and those of rock or stone. Besides such materials as would come out of the lock pits and prism of the canal, it was necessary to provide boards, plank, timber, iron, spikes, lime, and various other articles. The commissioners were willing, in accordance with what I take to be the common practice in such cases, that the contractors should use such materials as they found in making the necessary excavations. But as the quantity to be obtained in that way was uncertain, and would at most be only a small part of what would be required, the commissioners, to avoid all controversies, said to the contractors, “You must furnish all the materials.” This clause is, however, plainly qualified by the subsequent provisions of the contract, which show, *349 I think, that the contractors were at liberty to use any suitable materials which they might find in making the necessary excavations..
If it were necessary to look beyond the fact that the commissioners made an appropriation of the land, and seek for the manifestation of an intention on their part to appropriate the materials which should come out of the lock pits, I should find sufficient evidence of such intention in the contract which they made with the defendants. But it is enough that they appropriated the land within the external lines of the canal.
There was no pretence on the trial that the stone when quarried were removed further from the lock pits than was necessary for the purpose of finding a convenient place of deposit where the stone might be dressed and fitted for the locks. If any injury was done to the plaintiff by placing them on his land, he is not without remedy. The necessary use of his land adjoining the line of the canal, did not give him a title to the stone, nor did it add any force to the claim he sets up in this action.
The views I have taken of the case will work no injustice to the plaintiff. When he comes to the question of damages, the state will pay him all he has lost in consequence of the construction of the canal. The appraisers will of course take into consideration the fact that there were stone in the land which has been appropriated to public use.
New trial denied.