DAVIES, Ch. J., and LEONARD, J., not voting.

---

## COURT OF APPEALS.

ANDREW THATCHER, survivor, &c., appellant agt. WILLIAM L. CANDEE, respondent.

Where the complaint alleged that the plaintiffs, assignees for the benefit of creditors, had united in an agreement with the defendant, to sell, and the defendant to purchase, certain real estate conveyed to them in trust, for a certain sum, subject to incumbrances, of which the defendant agreed to pay a certain

sum to the assignees (plaintiffs) out of the proceeds of the sales of the property, *to satisfy certain judgments* against it, for which the assignees had become personally responsible, and the receipt of a sufficient sum by the defendant for that purpose is averred, a *cause of action* in favor of the assignees, in their representative capacity, is fully stated.

It is very well settled that a *trustee* cannot divest himself of the obligation to perform the duties of the trust, without an order of the court. or the consent of all the *cestuis que trust.*

Therefore, the assignment by one trustee of his interest in the estate to the other trustees, and his renunciation of the right to act, does not divest him of the character and duties of a trustee. And an action brought by and in the name of the remaining trustees, in their representative capacity, is defective *for want of parties.*

*Trustees* constitute in law but one person, and must join in bringing an action. They cannot act separately ; all must unite.

*December Term*, 1866.

APPEAL from a judgment of the supreme court at general term in the fourth district, affirming an order of the special, term, which sustained a demurrer to the complaint.

The complaint sets forth an assignment by John Hagaman of all his property, including certain real estate specifically described, to David W. Candee, Andrew Thatcher, Nanning Marselis and Francis Hagaman, in trust for the benefit of his creditors, and the trustees all accepted the said trust. The conveyance of the land was by a separate deed, but the assignment of the personal property declared the trusts upon which the land was conveyed.

All the assignees united in an agreement with the defendant, April 10, 1838, whereby they agreed to sell, and the defendant to purchase, certain real estate so conveyed to them, for $3,020, subject to a large amount of incumbrances, of which the said defendant agreed to pay $1,321 to the said assignees out of the proceeds of the sales of the property, to satisfy certain judgments against it, for which the assignees had become personally responsible.

Francis Hagaman, one of the assignees, died in 1843. The surviving assignees executed a conveyance of the land to the defendant in 1846.

David W. Candee, another assignee, assigned all his right, title and interest in the trust estate so assigned to him and others unto the two remaining assignees, Andrew Thatcher

Thatcher agt. Candee.

and Nanning Marselis, and renounced his right to act as assignee, by an instrument in writing, in 1848.

The action appears to have been commenced by the said Thatcher and Marselis, as plaintiffs; but Marselis died in 1855, and the action was subsequently revived and the complaint amended, so that the action is now prosecuted by Thatcher as the sole plaintiff.

It is further alleged that the defendant has received large sums of money for portions of the said real estate, which he has disposed of, more than sufficient to pay the purchase money ($3,020); and also the judgments, amounting to 1,321, for which the assignees had become responsible.

The breach alleged is that the defendant has not paid these sums, and judgment is demanded for their recovery, with interest and costs, and that the amount be declared a specific lien upon the said real estate, or upon so much thereof as the defendant had not conveyed.

The defendant demurred to the amended complaint on the ground that David W. Candee ought to have been made a party plaintiff, and that there is a defect of parties by reason of his misjoinder. Also, that several causes of action have been improperly joined; and lastly, that the complaint does not state facts sufficient to constitute a cause of action.

The demurrer was sustained at the special term, and this order was afterward affirmed at the general term of the supreme court, upon which judgment was entered for the defendant. The plaintiff now appeals to this court.

D. P. COREY, *for the appellant.*
S. W. JACKSON, *for the respondent.*

LEONARD, J. The inquiry raised by the last objection, it seems unnecessary to discuss. The counsel for the defendant has made no point in respect to it, and there can be no doubt that the facts stated do constitute a cause of action.

The defendant insists that there is an improper joinder of actions, because, as he supposes, the demand of $1,321 arises

for a sum due to Thatcher and Marselis for money paid by them to satisfy certain judgments upon the real estate sold, for which they had become personally responsible, while the demand for $3,020 arises for the price of the land sold, which is due to the assignees in their representative capacity.

The complaint states the agreement of the defendant with the four assignees to pay a certain amount of judgments which were liens upon the land sold. It is also stated in the agreement, and in the complaint, that the assignees had become personally responsible for these judgments; and it is also stated that Thatcher and Marselis have paid the amount; but these latter statements are not necessary to the complaint, and may be disregarded. The fact that the defendant agreed, with the assignees, to pay these sums, and has not done so, is fully stated. This demand arises, not from the payment of these sums by Thatcher and Marselis, but upon the contract of the defendant with the assignees. The payment by the assignees creates no liability on the part of the defendant, and is stated, perhaps, for the purpose of raising an additional equity against the defendant, but not for the purpose of creating a cause of action in favor of Thatcher and Marselis personally. The defendant distinctly agreed, and bound himself to pay these sums out of the proceeds of sales, and the obligation arose in favor of the assignees as soon as he had received a sufficient sum from the sales for that purpose. The receipt of a sufficient sum is averred, and a cause of action in favor of the assignees, in their representative capacity, appears to be fully stated.

The remaining objection is of a more serious character. Unless one of several co-trustees can, by his own action, relieve himself from the responsibility of a trust, once accepted and for some time voluntarily acted upon, there is a defect of parties by reason of the non-joinder of David W. Candee. The fact stated in the complaint, which is supposed to excuse the non-joinder, is the assignment by Candee of his interest in the estate to the other assignees, and his renunciation of the right to act. There is no statement

Thatcher agt. Candee.

of his death, or of any disability, or of an accounting and discharge by the court. We are to assume that no such facts exist. Nor has the plaintiff brought himself within the rule permitting a necessary party to an action to be made a defendant, where he has been requested but has refused to unite as a plaintiff in its prosecution.

The authorities are clear that a trustee cannot divest himself of the obligation to perform the duties of the trust, without an order of the court, or the consent of all the *cestuis que trust.* (*Shepherd* agt. *McEvers,* 4 *Johns. Ch.* 186; *Cruger* agt. *Halliday,* 11 *Paige,* 319; *Ridgeley* agt. *Johnson,* 11 *Barb.* 527.) These authorities are sufficient to establish that D. W. Candee is a trustee, notwithstanding his assignment and disclaimer.

Trustees cannot act separately; all must unite. They constitute in law but one person, and must join in bringing an action (*Brinckerhoff* agt. *Wemple,* 1 *Wend.* 470.) Thatcher and Marselis have no authority to exclude their co-trustee, D. W. Candee, from acting with them, by reason of anything stated in the complaint. The judgment, if recovered in this action, would be no discharge to the defendant as against the creditors of the assignor, John Hagaman.

The judgment should be affirmed, with costs, with leave to the plaintiff to amend upon payment to the defendant of the costs of the demurrer awarded at special term, and the costs of the appeal to the general term of the supreme court, and of the appeal to this court, in twenty days after adjustment.

The amendment should be allowed in view of the probable running of the statute of limitations, should the plaintiff be put to another action.

All the judges concurring, judgment affirmed.