THE WASHINGTON CEMETERY, RESPONDENT, v. THE PROSPECT PARK AND CONEY ISLAND RAILROAD COMPANY, APPELLANT.

*Railroads — right of way — Gravesend avenue — chap.* 531, *Laws of* 1873, *construction of — Easement, or fee taken thereunder.*

In this action, brought by owners of land fronting thereon, to restrain defendants from operating their road over and upon Gravesend avenue, laid out by special act of the legislature (chap. 531, Laws of 1873), running from the city line of Brooklyn through the towns of Gravesend, New Utrecht and Flatbush, the only question was, whether by the proceedings taken under that act the fee of the land was taken for public use or only an easement:

*Held,* that the fee of the land was not taken, but an easement only, for the purposes of the highway.

That the act does not, in terms, take a fee or vest it either in the people, the city of Brooklyn or the county of Kings. The language of the act, as to the assessment, does not require a fee. The purposes of the taking did not require a fee.

APPEAL from a judgment for a perpetual restraining of the defendant from working, using and operating their railroad over

and upon the premises of the plaintiff, entered upon a decision by the court.

*John H. Bergen*, for the appellant.

*H. C. Place*, for the respondents.

BARNARD, J.:

If the owners fronting on Gravesend avenue, in the county of Kings, own the fee of the avenue, subject only to the right of the public to use the same as an open street or highway, then this action is well brought, and a perpetual injunction against the defendant, restraining it from constructing its road thereon, is a proper remedy. (*Williams* v. *N. Y. Central R. R. Co.*, 16 N. Y., 97; *Broicstedt* v. *South Side R. R. Co.*, 55 id., 220; *Carpenter* v. *Oswego and Syracuse R. R.*, 24 id., 655; *Mahan* v. *N. Y. Central*, 24 id., 658; *Wager* v. *The Troy Union R. R.*, 25 id., 526.) Gravesend avenue was laid out by special act of the legislature (chap. 531, Laws of 1873), and the question presented is, whether, by the proceedings taken under that act, the fee of the land was taken for the public use or only an easement. It is laid out as an avenue, " One hundred feet in width; the carriageway thereof sixty feet, the sidewalks each ten feet, and courtyards, ten feet in width, on each side."

It is provided that the commissioners of estimate and assessment shall fix a district of assessment, " not less than 100 feet on each side of the said avenue, within which the property by them deemed to be benefited by the opening and improving of said avenue, shall be assessed to defray the expense of said opening and improving, and beyond which district said assessment shall not extend." After the district is thus fixed, it is provided that the commissioners shall " estimate the value of the lands and premises required to be taken for said avenue, the damages to be sustained by any person interested therein by reason of such taking, and the benefits which will be derived by the owners of land within said district of assessment, from the opening of said avenue."

The act provides for the removal by the owner of the buildings from the avenue, if the costs of removal can be agreed upon between the commissioners and the owners. If no such agreement is made,

then the commissioners are to assess what they allow for the buildings. If an agreement is made with the owners, the costs of removal agreed upon is to be included in the award made for the land." If buildings are now standing on said court-yards they shall not be required to be removed. After the confirmation of the report the commissioners are to contract for constructing the carriage-way and sidewalks of the portion of the avenue " outside of the city of Brooklyn."

By the thirteenth section of the act the Gravesend and Coney Island Railroad Company is authorized to construct and operate therein its railroad, " on a level with the grade of the said avenue." Defendant has succeeded to the right of this company.

I think the fee was not taken. No fee is vested by the act, if taken from the owners. There is no doubt but that a fee may be taken when the lands taken are designed only to a particular use.

Under the law authorizing taking land for the State canals, payment of the price vests the fee in the people. (*Brinckerhoff* v. *Wemple*, 1 Wend., 470.) A fee may be taken for a public market when the act authorizes it, and the municipality may sell the land after the use ceases. (*Heyward* v. *The Mayor*, 3 Seld., 314.) In the act authorizing the taking the lands for Prospect park, and for the parade ground, a fee is authorized to be taken, and the title is by the act impliedly vested in the city of Brooklyn, and the lands taken were charged with the payment of the bonds, issued to raise money to pay the landowners therefor. In the act authorizing the taking of that land for the Kings county court-house, on payment of the value as appraised, the title is by law vested in the county of Kings. I find no instance where the legislature have authorized a fee of land to be taken for a public use, where the title has not by the act vested somewhere, either in express terms or by necessary implication.

The avenue is laid out as a public road or street. Under general statutes of the State lands for highways are not taken in fee, but an easement only is taken for the purpose of the highway. Adjoining lands are, in cities, assessed for benefits for opening streets for public use. There is no instance of the legislature authorizing the taking of land, in whole or in part, for the benefit of a private railroad corporation, and assessing back on adjacent lands the costs of

the improvement. The railroad law expressly forbids a commission, appointed to assess the value of lands taken for railroad purposes, from making any allowance or deduction on account of any real or supposed benefits which the parties in interest may derive from the proposed road. Railroads only take an easement in lands taken by assessment of damages under the law, except that a railroad company is authorized to acquire lands for passenger and freight depots. " Such lands shall be held by such company in fee." (Laws of 1854, chap. 282, § 17.)

The only argument urged for holding a fee to be taken, is derived from the wording of the act directing the commissioners to assess " the value of the lands." In the case of highways " damages," by reason of laying out and opening the road, are to be assessed. In the case of railroads it is " the compensation which ought justly to be made by the company to the owners of the real estate appraised."

In the act in question the direction is to " estimate the value of the lands and premises required to be *taken for said avenue* the damages to be sustained by any person interested therein, by reason of *such taking*, and the benefits which will be derived by the owners of land within said district from the opening of said avenue." All that was required for the avenue was an easement, and that is all the legislature intended to have appraised under this clause.

This construction is in accordance with general legislation as to street openings. It is not in accordance with any previous legislation that a public avenue has been opened and built at large expense by the adjoining property owners, by assessments for benefits, so that a private railroad corporation might lay its track thereon. The act does not, in terms, take a fee or vest it either in the people, the city of Brooklyn, or the county of Kings. The language of the act, as to the assessment, does not require a fee. The purposes of the taking did not require a fee. I think for these reasons the judgment should be affirmed, with costs.

DYKMAN, J., concurred.

Present — BARNARD, P. J., GILBERT and DYKMAN, JJ.

Judgment affirmed, with costs.