By the Court.—Curtis, Ch. J.
The defendant Dusenbury has acquired his rights, if any, to the fund in question, in one of two ways. He either derived his right to it, or to the custody of it, tinder the order of the court of common pleas, made January, 1874, which recites that he appears to be the person having the legal title and right to the possession of it, and which also directs the city chamberlain to pay it to him ; or else he acquired it, under the assignment for the benefit of creditors made by Selah Hiler to the defendant Haight, November 7, 1872. Haight is claimed to have resigned this position as assignee in favor of the defendant Dusenbury.
Money paid into court, and held in its custody, and to be paid out upon its order, is a deposit of such a character,' that it is a stringent duty not only of the court but of each and all of its officers, whether they are attorneys, clerks, or receivers, to protect it by all the lawful means in their power from improper or fraudulent diversion, or misapplication. When a wrongful payment of money in the keeping of the court is procured by collusion, and by fraudulent concealment, or false representations, the parties to such acts, or those profiting by them, acquire no legal title to the fund, and the person rightfully entitled to it has his remedy by action, and in some cases by proceeding summarily against the wrong-doer.
The recitals in an ex parte order, as to who appears to be the person entitled to the fund, and the direction to the custodian of it, to pay it to such person, -when the order is procured by collusion and imposition upon the court making the order, do not protect the wrongful recipient of such fund from liability for it, to the person rightfully entitled to it. An order of this char *244 acter, made without notice, has none of the elements to constitute a bar, as res adjudicata against the lawful claimant.
On December 19, 1873, the plaintiff was appointed receiver of all the debts, property, equitable interests, and things in action of the defendant, Hiler, under proceedings supplementary to execution. This appointment was made upon the application of these judgment creditors, and he thereupon duly qualified as such receiver, and became vested with the right to the fund in question, subject to the rights, if any, of the defendant Dusenbury.
On January 7, 1874, the defendant Dusenbury, through his attorney, Mr. Randall, applied to the court of common pleas, for the order directing the fund in court to be paid to him. At the time of making this application, both he and his attorney had notice that the judgment creditors of Hiler claimed the whole or a part of this fund, and that the plaintiff was appointed receiver, with leave, among other things, to sue for, and recover this money. He also knew, at that time, of the existence of the orders of the court of common pleas of December 13, 1873, and of December 19, 1873, the first restraining the city chamberlain from paying it out, and the latter denying his own application that the fund be paid to himself. Yet, with a knowledge of the existence of these facts, both on his part and his attorney’s, and by going before a different judge from' the one who had made these existing orders, and by not disclosing their existence, this ex parte order for the payment to-himself of the fund, with its recital of his rights to it, was obtained.
The steps taken by this defendant, and his concealment of these previous orders, were obviously acts in bad faith on his part, for the purpose of getting this money into his possession, in the face of the existing orders of the court to the contrary. It is impossible in *245 such conduct to see anything but a gross abuse, accomplished by wrongful acts, and which cannot in any aspect protect this party to it and the recipient of the. money thus obtained, from being made liable for it to the person lawfully entitled to it, as the receiver of the defendant Hiler, and the representative as such of these judgment creditors.
But a claim to this fund is made by the defendant Dusenbury, irrespective of such title as may have been acquired under the order that the city chamberlain pay jt to him.
It is suggested that he succeeded to an interest in it as the successor of the defendant Haight to the trust created by the assignment for the benefit of creditors, made by Hiler to the defendant Haight, and which the latter resigned in favor of Dusenbury, and that the latter is thereby made to stand in the same position as the original assignee. If this assignment to Haight had any validity, it is difficult to perceive how the execution of the trusts under it can be transferred by a mere resignation of the trustee, in favor of some one else, unaccompanied with the consent of the cestiois que trust, or the order of court who is thereupon to stand in his place. If Haight, the assignee, wished to resign, there should have been a petition to the supreme court, for the acceptance of his resignation, and a discharge from the trust, arid the appointment of the new trustee in his place' should have been made by the court (1 R. S. 730, §§ 69, 70, 71; Leggett v. Hunter, 19 N. Y. 459 ; Cruger v. Halliday, 11 Paige, 819 ; Thatcher v. Canda, 3 Keyes, 157). The evidence in the case fails to show that the defendant Dusenbury succeeded to the status of Haight as assignee under the assignment, or became legally vested with any rights or interests thereunder to the fund in question.
There is also evidence justifying the finding of the court, that this assignment was made by Hiler to delay *246 and defraud creditors, and was fraudulent and void as against the creditors of Hiler. Being an insolvent judgment debtor, he assigned his property, this fund, for the benefit of some of his creditors, leaving out these judgment creditors, whom the plaintiff, as receiver, represents, and directed the surplus to be held subject to his order. This is a trust for the use of the assignor, and renders the assignment void upon its face (Goodrich v. Downs, 6 Hill, 438).
However inconsiderate and uncalled for were the statements made, probably in ignorance of the facts, by the plaintiff in respect to this fund, after the making of the order for its payment by the chamberlain, he, as a receiver and as an officer of the court, was clothed with no powers to waive the equitable rights of these judgment creditors he was appointed to protect, and which was also known to Dusenbury.
The case shows that the defendants proceeded to the trial before the court without a jury, and without objection to so proceeding, and without demanding that the trial be had before a jury. Under such circumstances and not raising any objection until the case came on for argument before the appellate court, the defendants must be deemed to have waived such rights, if any they had (Black v. White, 37 N. Y. Superior Ct. R. 320).
It was strongly pressed at the argument, that Dusenbury even if the assignment was held void, should not be subjected to personal liability for the funds he had paid out. If Dusenbury was the assignee, and acted in good faith, it would be in accordance with well settled principles that he should be thus protected. But, as it is impossible to come to the conclusion that he either was assignee, or acted in good faith, he is not entitled to such protection. Nor does the disposition of such portions of the fund as he has parted with, *247 appear to be of a character that calls for the equitable interposition of the court on his behalf.
The judgment appealed from should be affirmed, with costs.
Sanford, J., concurred.