WILLIAM A. WHITE & SONS, Respondent, *v.* SEYMOUR SCOTT, Individually and as Trustee, et al., Appellants, et al., Defendant.

First Department, October 24, 1961.

*Daniel Cohen* of counsel (*Irving Moldauer*, attorney), for appellants.

*Clarence S. Barasch* for respondent.

RABIN, J.  The plaintiff, a real estate broker, brings this action to recover brokerage fees allegedly earned by his procurement of a buyer ready, willing and able to purchase certain real property forming part of a trust estate.  The complaint names as defendants one Seymour Scott, both as an individual and as a trustee of the trust involved (it did not name the cotrustee), and one Martin Gettinger, a representative of the trustee.

The indenture which created the trust, the fund of which the real property was a part, designated Seymour Scott and Martin H. Scott as alternate trustees, and they succeeded the original trustee upon his death.  Both of said trustees are nonresidents, residing in California.  As a result of such nonresidence the plaintiff, as a basis for securing jurisdiction obtained a warrant of attachment.  The plaintiff sought to make a levy under the warrant on the real property which is part of the trust, by filing with the appropriate County Clerk a notice of attachment as provided for in subdivision 1 of section 917 of the Civil Practice Act.  This "levy" was followed by the personal service, without the State, of one copy of the summons and complaint upon Seymour Scott.

Subsequent to the service of the summons and complaint, both trustees, Seymour Scott and Martin Scott, appeared specially and moved (1) to vacate the service made upon Seymour Scott, individually and (2) to vacate "the attachment levied  *  *  * against the real property."  The motion was denied in its entirety with leave however to raise such issues by way of answer.  The order entered on such denial is now before this court for review.

The affidavit of service on the defendant Seymour Scott merely recites that a copy of the summons and complaint was served upon Seymour Scott—there being no statement as to the capacity in which he was served.  This raises a question as to whether he was served merely as an individual or also in his

capacity as a trustee. The failure to make a more definitive statement in the affidavit of service, however, presents no obstacle to our reaching a determination in this appeal.

Personal service made upon a person would appear to subject him to the court's jurisdiction in a representative capacity as well as in an individual one if in fact the cause of action be directed against him in the former status (cf. *Boyd* v. *United States Mtge. & Trust Co.,* 187 N. Y. 262, 271). In any event, for the purposes of this appeal, we shall treat the service of process upon Seymour Scott as if it had been made upon him both as an individual and as a trustee.

We first consider the validity of the service upon Seymour Scott as an individual. Such service would be ineffective unless a proper levy had been made upon his assets, property, or interests. The levy made purportedly affects his interest in the trust — for his interest in the trust is his only nexus with the real property levied upon. As an individual he has two beneficial interests in the trust. The first, to receive distributions from the trust fund at such times and in such amounts as the trustees determine solely within their discretion, and the second by way of contingent remainder in the corpus of the trust. The trust indenture expressly provides that the beneficiaries had no power " to transfer, pledge, assign, mortgage, hypothecate or encumber or otherwise alienate " any of the interests in the trust. Subdivision 6 of section 916 of the Civil Practice Act requires that for an interest to be attachable it must be capable of being " legally assigned, released or alienated ". However, whether or not the proscriptions of the trust indenture suffice to render these particular interests nonattachable need not be here determined because, assuming them to be attachable, it is clear that no proper levy was made.

To levy upon such interests subdivision 2 of section 917 of the Civil Practice Act requires that a copy of the warrant of attachment be served upon the fiduciary controlling the fund in which the interest lies. No such service was here made upon either of the trustees. However, the plaintiff contends that it attached Seymour Scott's interest by making a levy upon the real property in compliance with subdivision 1 of section 917. Such action, however, was ineffective to constitute a levy upon the interest of Seymour Scott in the trust. True, subdivision 1 applies where the levy is sought to be made upon an interest in real property, but the interest of Seymour Scott is not an interest in the real property as such. It is an interest in the trust itself of which the real property was but one of the assets disposable and changeable at the will of the trustees and over

which Seymour Scott as an individual has no control. In other words the realty was merely a transitory asset of the trust and no conveyance, assignment or other transfer by Scott of his interests in the trust could in any way encumber, diminish or affect the unfettered fee title of the trustees, nor prevent them from conveying at any time a title completely free of his interest. He therefore had no interest in the real property within the meaning of section 913 of the Civil Practice Act which defines an attachable interest in realty as being one '' capable of being aliened ''. As a result, the purported levy was ineffective to reach Seymour Scott's beneficial interest in the trust, and absent a valid levy there could be no proper service of process upon him as an individual.

We now reach the question whether there was a proper levy made in order to give jurisdiction over Seymour Scott in his capacity as trustee. Underlying such levy there must be a proper warrant of attachment. We conclude that the warrant of attachment was improperly issued. To obtain a warrant of attachment a plaintiff must demonstrate that he has prima facie a good cause of action (Civ. Prac. Act, § 903). A warrant may not issue if the plaintiff's complaint and affidavits '' clearly establish the plaintiff must ultimately be defeated '' (*American Reserve Ins. Co.* v. *China Ins. Co.*, 297 N. Y. 322, 325). Where, as appears here, the cotrustees must act in unanimity no action will lie against the trust estate unless both trustees are made parties defendant. (See Bogert on Trusts [2d ed.], p. 323; *Thatcher* v. *Candee*, 33 How. Prac. 145; *Brinckerhoff* v. *Wemple*, 1 Wend. 470; *Caylor* v. *Cooper*, 165 Fed. 757, and cases cited therein p. 762.) Thus, the plaintiff having omitted to make the cotrustee, Martin Scott, a party defendant, he cannot succeed in this action as presently constituted.

Section 192 of the Civil Practice Act is no bar to the assertion of the defect of nonjoinder for the purpose of attacking the warrant. That section provides that no action shall be defeated by reason of nonjoinder of parties except pursuant to the procedure set forth in section 193, which procedure, admittedly, was not here followed. However, in this case no dismissal of the action is sought. The action qua action is not being attacked, but rather the attack is made on it only insofar as it serves as a basis for the issuance of the warrant. Correction of a nonjoinder defect under sections 192 and 193 can only be made where the court has jurisdiction over the joined party. Here the question is whether the court has or should have jurisdiction over such party. Nor is section 192 authority for the obtaining of jurisdiction not yet had. Jurisdiction here depends upon the validity of the warrant which in turn requires that the

plaintiff at least show some likelihood of success in the action. At the time of the application for the warrant that requisite showing was not made.

It is one thing not to dismiss an action for a defect of joinder where jurisdiction has been obtained, but it is quite another thing to try and obtain jurisdiction based on a defective cause. The possibility of a subsequent joinder of the other trustee to remedy the defect is of no consequence. In determining whether the extraordinary remedy of attachment should issue, the merits of plaintiff's cause as of the time such relief is sought should be the determining factor. Such relief ought not be granted based upon speculation that further action might be taken to cure the defect then present.

Accordingly, we conclude that the warrant of attachment was improperly issued and must be vacated. As a result any service of process founded on such a warrant must also be vacated.

The question as to whether Martin Scott had a right to intervene on this motion becomes academic in the light of our determination.

The order should be reversed, on the law, with costs, and the motion granted.

BREITEL, J. (dissenting). The issue in this case, at least as presented by the parties, is a simple one. A levy upon a real property interest may be effected merely by filing of proper papers in the office of the County Clerk (Civ. Prac. Act, § 917, subd. 1). In order, however, for the levy and the subsequent personal service of the process outside the State to stand the complaint must state a sufficient cause of action against defendant Seymour Scott as trustee.

The complaint charges that defendant Seymour Scott as trustee engaged plaintiff as broker on behalf of the trust and that he defaulted, as did the trust, in the obligation to pay commissions due him. It also appears from the attachment papers that Seymour Scott is a nonresident, and it is not disputed that he has no personal assets in the State.

While it is true, as stated in the majority opinion and in the authorities cited, that trustees who may not act except jointly must sue together in order that the action be sustained, it does not necessarily follow that a complaint is insufficient merely because all such joint trustees are not joined as party defendants in an action against one or some of them. Whatever the rule may have been in ancient times, it is now true that a nonjoinder is not fatal (Civ. Prac. Act, § 192). On the contrary, a nonjoinder may be attacked only by motion, and then the procedure to be followed is that prescribed by section 193

of the Civil Practice Act. Consequently, the complaint in this case, on the issue of nonjoinder, stands as conditionally sufficient. Hence, defendant Seymour Scott has failed in his attack on the attachment.

In passing it should be noted that the attempted intervention by Martin Scott without leave of the court gives him no status whatever. Moreover, he makes only a passing attempt to justify his status.

Accordingly, I am constrained to dissent and vote to affirm the order dismissing the motion made by defendant Seymour Scott and to dismiss the purported appeal by Martin H. Scott.

BOTEIN, P. J., and EAGER, J., concur with RABIN, J.; BREITEL, J., dissents in opinion in which NOONAN, J., concurs.

Order entered on June 7, 1961 reversed, on the law, with $20 costs and disbursements to the appellants, and the motion granted.

Settle order on notice.