## CRUGER and others *vs*. HALLIDAY, adm'r, &c.

Where D., by her will, appointed H. L. J. & C. trustees under her will, and devised and bequeathed to them, or to such of them as should accept the trust, and to the survivors or survivor of them, or to such other person or persons as might become trustees thereof in virtue of the subsequent provisions of her will, her residuary estate real and personal, upon various active trusts ; and in a subsequent clause of the will provided, that as often as it should happen that her said trustees by death, removal from the United States, or otherwise, should be reduced to the number of two or one only, her children then living, or a majority of them, or in case a majority of her children living at the time of her death should be dead, then her surviving children and her grandchildren, if of full age, &c. at a meeting for that purpose, held upon notice, should nominate to the surviving trustees or trustee, three or more discreet freeholders to be associated with the said two or one surviving trustees or trustee, and that it should be the duty of the surviving trustees or trustee to accept one or more of the persons so to be nominated to be joined in the trust, and should declare such consent and acceptance by a writing, under their hands and seals ; and upon failure of such a meeting, nomination, and acceptance, the testatrix authorized her surviving trustees or trustee, &c. from time to time, by writing, &c. to nominate and appoint one or more persons to be trustees, &c. And C. S. and F. filed a bill, as trustees under the will of D. and in such bill alleged that J. and L., two of the trustees named in the will, declined to accept the trust, and that in June, 1833, W. was appointed to act as trustee in place of J. and L., in pursuance of the provisions of the will ; and that in March, 1837, W. resigned his office of trustee, and the complainant S. was duly appointed trustee under the will, with H. and C. ; and that in October, 1840, H. died, and the complainant F. was duly appointed trustee under the will with S. and C.

*Held* on demurrer, that the bill was defective, in not stating how, in what mode and by whom W. S. and F. were appointed trustees, and in what manner W. resigned his trust and was discharged as trustee.

A trustee, after he has accepted the trust, cannot discharge himself from liability by a resignation merely. He must either be discharged from the trust by virtue of a special provision in the deed or will which created the trust, or by the order or decree of the court of chancery, or with the general consent of all the persons interested in the execution of the trust.

Where infants or persons not in esse are interested in the trust, it seems that a trustee cannot be discharged without an order or decree of the court of chancery.

A party coming into chancery and claiming a right as a substituted trustee under the will of the testator, should state, in his bill, the necessary facts to show that a vacancy had occurred which authorized his appointment as such substituted trustee.

THIS was an appeal from a decretal order of the vice chancellor of the first circuit, overruling the demurrer of the defendant.

Cruger *v.* Halliday.

The bill was filed by H. D. Cruger, G. W. Strong, and F. De Peyster, all claiming to be trustees under the will of Margaret Douglass, who died in December, 1829. The decedent, by her will, executed in due form of law to pass real estate, appointed R. Halliday, I. Laurie, J. Johnson, and her daughter H. D. Cruger, one of the complainants, her executors and trustees. And she devised and bequeathed to them, or to such of them as should accept the trust, and to the survivors or survivor of them, or to such other person or persons as might become trustees under the will, in virtue of the subsequent provisions thereof, her residuary estate, real and personal, upon various active trusts specified in the will. By a subsequent clause of her will, the testatrix provided, that so often as it should happen that her said trustees, by death, removal from the United States, *or otherwise,* should be reduced to the number of two, or one only, her children then living or a majority of them, or in case a majority of her children living at the time of her death should be dead, then her surviving children and her grandchildren, if of full age, and the guardians of such of·them as should be minors, at a meeting for that purpose, to be held upon notice, should nominate to the surviving trustees, or trustee, three or more discreet freeholders, to be associated with the said two or one surviving trustees, or trustee, in the execution of the trusts of the will ; and that it should be the duty of the surviving trustees, or trustee, to accept one or more of the persons so to be nominated, to be joined in the trust, and to declare such acceptance and consent in writing, under their hands and seals. Upon failure of such a meeting, nomination, and acceptance, the testator, by her will, authorized and empowered her surviving trustees, or trustee, and their successors in the said trust, from time to time, by writing, under their or his or her hands and seals, to nominate and appoint one or more respectable freeholders, to be trustees and to be joined with the surviving trustees, or trustee, in the execution of the trust. And she further directed that all the securities, in which the trust estate should then be invested, should be assigned and transferred by the surviving trustees, or trustee, to them-

selves and the new trustee, to be held by them upon the trusts mentioned in the will.

The complainants, after stating the will and the death of the testatrix, and that she died seised and possessed of a large real and personal estate, alleged in their bill that Johnson and Laurie, two of the executors and trustees named in the will, declined and refused to accept the trust, and that the other two accepted it; that *in pursuance of the provisions* of the will, J. Whetten, in June, 1833, was appointed to act as trustee, in conjunction with Halliday and Mrs. Cruger, in the place of Johnson and Laurie; that in March, 1837, Whetten having resigned his office of trustee, the complainant G. W. Strong, was *duly appointed* trustee under the will, with Halliday and Mrs. Cruger; and that in October, 1840, Halliday having died, the complainant F. De Peyster, was *duly appointed* trustee under the will, with Strong and Mrs. Cruger. The bill further charged that Halliday received a large amount of the trust fund, in the execution of his trust, and that he had kept and retained to his own use $3750, for commissions to which he was not entitled. And the bill called upon the defendant, as administrator with the will annexed of Halliday the trustee, for an account and payment of the amount which was in the hands of his testator at the time of his death.

The defendant put in a general demurrer to the bill. And upon the argument of the demurrer his counsel insisted, as ground of demurrer, that the bill showed no right or title in the complainants to maintain the suit, as no right or title was shown in any of the complainants except Mrs. Cruger: *First,* because it was not stated how or by whom Whetten and Strong and De Peyster respectively, were appointed trustees—whether by the children, or by the surviving trustees in default of a nomination by the children; and *Secondly,* because Whetten, if duly appointed, was still a trustee—the will having made no provision for his resignation of the trust; of which trust he could not divest himself without the consent of all the cestuis que trust or the sanction of the court of chancery.

The vice chancellor disallowed the objections to the bill, and

overruled the demurrer generally; with costs. From this decision the defendant appealed to the chancellor.

*L. H. Sandford*, for the appellant. The bill shows no right or title in the complainants to maintain this suit. No right or title is shown in any person except Mrs. Cruger, and the will requires three trustees. It is not shown how, or by whom, Mr. Whetten was appointed; whether by the children, at a regular meeting on notice, or by the surviving trustees, on default of a selection by the children; or in any other manner pursuant to the provisions of the will. The will having provided a particular mode of appointment, vesting the power partly in the children and partly in the surviving trustees, that mode must be strictly pursued; and the power of appointment must be shown to have been exercised according to the terms of the grant. The estate could not vest in new trustees, unless they became such in virtue of the provisions contained in the will. And the complainants claiming title under an exercise of that power, must show a fulfilment of all its provisions. (2 *Sug. on Pow.* 529 *to* 531. *Story's Eq. Pl.* 206, § 241. *Id.* 213, § 255. *Id.* 214, § 257. *McElwaine* v. *Willis*, 9 *Wend.* 563. *Mitf.* 155, 6, *by Jeremy. Story's Eq. Pl.* 216, § 260. *Edwards* v. *Edwards, Jacob*, 335. 3 *Madd.* 197, § c.) · The same objections apply to the alleged appointment of Mr. Strong, as one of the trustees; and to the succession of Mr. De Peyster. John Whetten, who is said to have been succeeded by Mr. Strong, if he ever was properly appointed, is still a trustee. The will made no provision for his resignation, and he could not divest himself of the trust, without the assent of all the cestuis que trust, or the sanction of this court; neither of which was ever obtained. Mr. Strong, therefore, never became a trustee. (*Lew. on Trusts*, 260. *Idem*, 465. 4 *Kent's Com.* 311, *4th ed. Doyle* v. *Blake*, 2 *Sch. & Lef.* 230, 245. *Bradford* v. *Belfield*, 2 *Sim.* 264. *Chalmer* v. *Bradley*, 1 *Jac. & Walker*, 51, 68. *Moran* v. *Hays*, 1 *John. C. R.* 339. *Shepherd* v. *McEvers*, 4 *Idem*, 136. *Willis on Trustees*,

144, 5. *Law. Lib. v.* 10. *Bampton* v. *Birchall*, 6 *Lond. Jur.* 815.)

If the appointment of the trustees, as set forth in the bill, shall be deemed to be stated with sufficient certainty, and so as to constitute all the complainants trustees, &c., still they fail in showing title, because the will does not per se vest the estate in them upon their appointment merely. It requires an assignment from the surviving trustee to the new trustees upon each appointment ; and no such assignments are stated in the bill. (*Wilkinson* v. *Parry*, 4 *Russ.* 272. 2 *Sugd. on Powers*, 527, 8.)

*W. S. Johnson*, for the respondents. The title of the complainants, as trustees under the will of Margaret Douglass, deceased, and their several appointments as such, are stated in the bill with sufficient certainty. (*Story's Eq. Pl.* § 206, *p.* 241. *Id.* § 212, *p.* 252, 253. *Id. p.* 24, 28, *and authorities cited.*) The trustee John Whetten had power to vacate his office, by resignation, and the facts of his resignation, and the appointment of his successor, George W. Strong, are sufficiently averred. The will contemplates vacancies otherwise than by death or removal, and so does the law. (*Lew. on Trusts*, 260, 263, 465.) But if Whetten has not regularly resigned, so as to be discharged of his obligations as trustee, his resignation, nevertheless, renders him an unnecessary party to the suit.

THE CHANCELLOR. The objection appears to be well taken, that it does not sufficiently appear that either of the complainants, except Mrs. Cruger, were properly appointed trustees ; so as to authorize them to join with her in this suit. If Whetten was properly appointed, then the number of trustees was not reduced to two, while he remained a trustee, so as to authorize the children or grandchildren to nominate, or the other trustees to appoint Strong as his successor. And if the allegation in the bill is not sufficient to show that he was regularly appointed, the objection is equally fatal as to the allegations of the appointment of Strong and of De Peyster respectively. It is true, the will

Cruger *v.* Halliday.

provides for the appointment of new trustees when the number shall be reduced to two, by death, removal from the United States, *or otherwise.*  But it is a settled rule of law that a trustee, after he has accepted the office, cannot discharge himself from liability by a subsequent resignation merely.  He must either be discharged from the trust by virtue of a special provision in the deed, or will, which creates the trust, or by an order or decree of the court of chancery, or with the general consent of all persons interested in the execution of the trust.  And, in the present case, it is at least doubtful whether the concurrence of every person now interested in the execution of this trust, would render the resignation of a trustee valid; so as to authorize the appointment of another in his place, without an order or decree of this court.  They might indeed consent to his relinquishment of the trust, so far as to release him from personal liability to them if the trust fund should afterwards be misapplied, by his co-trustees, in consequence of his neglect to discharge the duties of a trustee in conjunction with them.  But that would not divest him of the legal title to the trust property, and vest it in the other trustees exclusively; nor would it authorize them to appoint a new trustee, upon a contingency not provided for by the testatrix, in her will.  In this case the trust was in part for the benefit of infants, and for other persons not in existence, or who were not in a situation to consent.

The revised statutes have authorized this court, upon the petition of a trustee, to accept his resignation and discharge him from his trust, under such regulations as may be established by the court for that purpose; and upon such terms as the rights and interests of the persons interested in the execution of the trust may require.  (1 *R. S.* 730, § 69.)  If the bill had shown that Whetten presented such a petition to this court, and that the chancellor accepted his resignation and discharged him from his trust, that would have divested him of the legal title to the trust property; and would have vested it in the remaining trustees exclusively, unless the court had appointed another trustee in his place.  And it would have been such a reduction of the number of trustees as was contemplated by the testatrix, by

the use of the word *otherwise*, in her will. A reduction of the number, within the meaning of the will, might have occurred by a removal of one of the trustees for cause, upon a summary application to this court; as authorized by the 70th section of the article of the revised statutes relative to uses and trusts. (1 *R. S.* 730.) But a simple recital in the bill, that Whetten having resigned his office of trustee, Strong was appointed trustee under the will, in his place, is not tantamount to an allegation that he had presented a petition to the court of chancery, and that the court had accepted his resignation and discharged him from his trust. For the person swearing to the bill, in its present form, would not be guilty of perjury, even if she knew that the court of chancery had never been called on to act upon the subject of the acceptance of Whetten's resignation of the trust. A party coming into this court and claiming a right as a substituted trustee, under the will of a testator, should state all the material facts distinctly, in his bill, to show that such a vacancy had occurred as to authorize his appointment. ( *Welf. Eq. Pl.* 89. *Story's Eq. Pl.* 206, § 241. *Id.* 214, § 257.)

Again; the will provides two modes for the appointment of the new trustees; one of which modes is the nomination of three freeholders, by the children, out of which three freeholders the existing trustees are to make a selection; and the other authorizes the trustees to appoint, in default of such nomination. Under such a power of substitution, it is not sufficient to allege generally that the new trustee was *duly appointed* a trustee under the will. But the complainant should state in which mode he was appointed; to enable the defendant to know what were the facts in relation to such appointment, and to direct his inquiries accordingly. If there was but one mode in which the new trustee could be appointed, perhaps an averment that he was ·*duly appointed, in the manner prescribed in the will,* would be tantamount to setting out at length that the particular forms were complied with. The allegation in this case, however, is not as broad as that. For in relation to Strong's appointment it is, that he was *duly appointed* trustee under the will; not that he was appointed a trustee under the will in the manner and

form required by or prescribed in the will. Such an allegation, would be equally applicable to the case of an appointment of a trustee under the will, by the court of chancery, in the place of a former trustee whose resignation had been accepted, under the provision of the revised statutes before referred to.

For these reasons, the bill is fatally defective, in not showing a title in these complainants to institute the suit as trustees under the will of Margaret Douglass. The decretal order appealed from, is therefore erroneous, and must be reversed, with costs. The demurrer must be allowed, and the bill must be dismissed with costs; unless the complainants, within forty days, pay the costs upon the demurrer and of this appeal, and amend their bill by showing that Whetten was appointed a trustee, in one of the modes prescribed in the will, specifying which, if he was so appointed; and by also showing that his resignation was afterwards accepted by the court of chancery and that he was discharged from his trust. The amended bill must also show that the complainant Strong was properly appointed in his place, in one of the modes prescribed in the will; and that De Peyster was appointed in the place of Halliday, stating the manner of his appointment.