WILLIAM BRENNAN et al., Respondents, *v.* CHARLES H. WILLSON et al., Appellants.

The statute of 1860 (chap. 348, Laws of 1860), regulating voluntary assignments for the benefit of creditors, does not make the giving by the assignee of the security therein prescribed a condition precedent to the vesting of the estate in him, nor does the failure to give the security within the time limited restore the title of the assigned property to the assignor; the assignment and an acceptance by the assignee makes the transfer complete and irrevocable.

Where there are several assignees, and all have accepted the trust, they cannot afterwards, collectively or severally, renounce or repudiate the duties and responsibilities of the office, or divest themselves of the title so vested in them, save in the performance of the trust.

*It seems,* that an assignee, having once accepted, can only be relieved of the trust and divested of the estate by the order of a court of competent jurisdiction.

A purchaser therefore cannot safely dispense with the concurrence, in a sale of the trust estate, of all the assignees, notwithstanding one may have attempted to disclaim after acceptance, and although he may have released his estate to the co-trustees; all must unite in a transfer, and a deed by one or more, while another who does not join, is living, is invalid.

An assignee, however, has no power to act in execution of the trust, without giving a bond with sureties as required. Until this is done his trust is simply to take possession and hold the property.

An assignment was made to W., N. and T., all of whom accepted in writing. T. subsequently attempted to renounce the trust, did not give a bond and refused to act. A new assignment was made to W. and N., who sold at auction a portion of the trust estate; T. took no part in the sale, but joined in a deed. The purchaser refused to complete the purchase. In an action brought by him to recover back the percentage of the purchase-money paid by him at the time of sale, *held,* that by the first assignment and the acceptance, the title to the trust estate vested irrevocably in the three assignees; that nothing passed under the second assignment; that T. could not lawfully unite in the deed, as he had given no bond; the deed was, therefore, in effect but that of two of three trustees, and so did not convey a title which plaintiff was bound to or could safely accept.

(Argued December 13, 1877; decided December 21, 1877.)

APPEAL from order of the Court of Common Pleas in and for the city and county of New York, reversing a judg-

ment in favor of defendants, entered upon a decision of the court on trial, without a jury, and granting a new trial.

This action was brought to recover back a payment of ten per cent. of the purchase-money paid by plaintiffs upon purchase by them at auction from defendants, as assignees for the benefit of creditors, of certain real estate in the city of New York. The court found, in substance, the following facts:

On the 2d day of July, 1875, Thomas Duke and John More made a general assignment of all their property for the benefit of creditors to the defendants in this action, and one James D. Trimble, all of whom, at the same time, signed a written acceptance as such assignees of the said trust. On the 13th day of July, 1875, Trimble, by a written resignation, renounced and refused to act as one of said assignees. On the 22d day of July, Duke and More, as such assignors, filed the inventory required by the act of 1860, and on the 31st day of July, the defendants, as such assignees, executed, on behalf of said three assignees, a bond under the said act, with sureties, which was approved by one of the judges of that court and duly filed, as required by said act and the acts amending the same. On the 6th day of August, Duke and More executed a second general assignment for the benefit of their creditors, in precisely the same terms as the assignment of July 2, 1875, except that it was to the defendants in this action only, who duly accepted the same. On the 27th day of August, Duke and More filed the schedules, and defendants executed, with two sureties, a bond, which was duly approved and filed. The real estate in question was sold by the defendants as assignees, at public auction, and upon such sale plaintiffs became the purchasers, and paid to the defendants at the time of such sale ten per cent. of the purchase-price, according to the terms of the sale. At the time agreed upon between the parties for taking the title and paying of the balance of the purchase-money, defendants tendered to plaintiffs deeds in due form, executed by the defendants, by said James D. Trimble,

and by said Duke and More, and by their respective wives, and demanded of plaintiffs the balance of such purchase-money. Plaintiffs declined to accept such deeds, refused to pay the balance of the purchase-money, and demanded repayment of the percentage paid and expenses of search, etc. As a conclusion of law, the court found that the deeds so tendered by the defendants were sufficient to have vested in the plaintiffs a good title, such as they were entitled to under the terms of their purchase, and directed judgment for the defendants. It appeared that the bond referred to by the court, given by defendants July 31, was simply a bond of defendants, the name of Trimble as principal, and also as assignee, having been erased therefrom.

*DeWitt C. Brown*, for appellants. The approval of the bond, given by Newman and Willson on behalf of themselves and Trimble, by the court was a judicial act, and cannot be assailed collaterally. (*Bloom* v. *Burdick*, 1 Hill, 130; *Collwell* v. *Brock*, 1 Bradf., 448; *In re Tunis*, 1 Tucker, 15; *Shook* v. *Shook*, 19 Barb., 653.) A part of the assignees may decline to accept the trust, and a part may renounce after accepting. (Hill on Trustees, 225–305; *Small* v. *Marwood*, 9 B. &. C., 300; *Nicholson* v. *Woodworth* 2 Swanst., 365; *Moir* v. *Brown*, 14 Barb., 45.)

*Erastus F. Brown*, for respondents. By the first assignment and the acceptance thereof, the title to the trust estate vested in the assignees, and the failure of Trimble to give the bond disabled the assignees from selling the real estate. (*Hardman* v. *Bowen*, 39 N. Y., 196; *Juliand* v. *Rathbone*, 39 Barb., 97; *Van Vleet* v. *Slauson*, 45 Barb., 317; *Evans* v. *Chapin*, 20 How. Pr., 289; *Barbour* v. *Everson*, 19 Abb. Pr., 366; *Thrasher* v. *Bently*, 1 Abb. [N. C.], 39; *Syracuse R. R.* v. *Collins*, id., 47; *Wood* v. *Chapin*, 13 N. Y., 521; *Reed* v. *Worthingham*, 9 Barb., 617; Gen'l Ass'm't Act of 1877, § 8.) The assignees could only act jointly in giving

receipts and conveyances. (Willis on Trusts, 136; *Ridgley* v. *Johnson*, 11 Barb., 527; *Thatcher* v. *Candee*, 33 How. Pr., 145; 4 Abb. Ct. App. Dec., 387, 391; Hall on Trusts [3d Am. ed.], 305, 306; *Brinckerhoff* v. *Wemple*, 1 Wend., 470, 474; *Wills* v. *Greshan*, 2 Dewey, 285; 5 De G. N. & G., 770; *Fisher* v. *Cutbell*, 5 East, 491; Tiff. & Bull. on Trusts, 539; *Sinclair* v. *Jackson*, 8 Cow., 543; Perry on Trusts [2d ed.], § 411; 2 Story's Eq. Jur., [12th ed.], § 1280; 1 R. S., 735, § 112; 2 id., 109, § 55; *Ogden* v. *Smith*, 2 Paige, 198; *In re Van Wyck*, 1 Barb. Ch., 569.) The duties and obligations of Trimble was fixed by his acceptance, and having so accepted the court alone, had power to release him. (Lewin on Trusts [6th ed.], 174, 178; Tiff. & Bull. on Trusts, 527, and note 3; 2 Spencer's Eq. Jur., 918; *Diefendorf* v. *Spraker*, 10 N. Y., 246; *Briggs* v. *Davis*, 20 id., 15; 2 id., 574; *Thatcher* v. *Candee*, 4 Abb. N. Y. Ct. Appl. Dec., 387; *Cruger* v. *Halliday*, 11 Paige, 319.) Trimble's neglect or refusal to join in the bond with his co-assignees, would have been sufficient ground upon application to the court, for his removal, and for the appointment of a trustee in his place. (*Hardman* v. *Bowen*, 39 N. Y., 200; *Barbour* v. *Everson*, 16 Abb. Pr., 366; *Anon.* v. *Gilpke*, 5 Hun, 245; *In re Appln. Kettler*, Ct. C. P. Feb. 11, 1876; *In re Balch*, Sup. Ct., 1st District, Feb'y 21, 1876; 2 R. S. [6th ed.], 1111, §§ 83, 84.) The first assignment divested the assignors of all title to the property, and the second assignment was nugatory and of no force and effect. (Burr. on Assnm'ts. [2d ed.], 69; *Marvin* v. *Smith*, 46 N. Y., 571; *Bell* v. *Halford*, 1 Duer, 58; *Metcalf* v. *Van Buren*, 37 Barb., 621; *Briggs* v. *Davis*, 20 N. Y., 15; 21 id., 574.) Plaintiffs being justified in rejecting the title, were entitled to recover the amount paid by them on the purchase. (*Morris* v. *Mowatt*, 2 Paige, 586; *Leggett* v. *Mut. L. Ins. Co.*, 53 N. Y., 399.)

ALLEN, J. By the assignment of the 2d of July, 1875, and the acceptance of the trust by the defendants and Trim-

ble the assignees named therein, the property real and personal of the assignors, vested in the assignees in trust for the creditors. The title did not remain in the assignors, nor was it in abeyance awaiting the giving of security by the assignees as required by the statute, or the performance of any condition subsequent to the assignment. The creditors of the assignors acquired an interest in the assigned estate, and could enforce the execution of the trust. The statute (chap. 348 of the Laws of 1860) regulating voluntary assignments for the benefit of creditors, does not make the giving of the statutory security by the assignees a condition precedent to the vesting of the estate in the trustees, nor does the failure to give the security within the time limited invalidate the transfer and restore the title of the assigned property to the assignor. This has been so held by this court and by the Commission of Appeals. (*Thrasher* v. *Bentley*, 59 N. Y., 649; *Syracuse, etc. R. R. Co.* v. *Collins*, 57 id., 641.) The question was considered by Judge Grover in *Juliand* v. *Rathbone* (39 N. Y., 375), but it was not necessary to decide it as the judgment was necessarily as given, whether the court held the one way or the other on the point now under consideration. The remarks of the learned judge upon that branch of the case did not necessarily embody the views of the court and may be regarded as *obiter*, and the judgment as passing upon the other ground suggested by him. The three assignees having accepted the trust, the effect of the acceptance was conclusive, and they could not collectively or severally afterwards, by renunciation or disclaimer, throw off or repudiate the duties and responsibilities of the office, or divest themselves of the title once vested in them. (Hill on Trustees, 221, and cases cited in note b; *Shepherd* v. *McEvers*, 4 J. Ch. R., 136; *Cruger* v. *Halliday*, 11 Paige, 314.) Trimble, with the defendants, formally and in writing, accepted the trust, agreeing faithfully to perform the same and thus made himself a party to the deed. This was a deliberate and unequivocal act, perfecting the transaction and making the transfer irrevocable. (Hill on Trustees, 219, and note 1. Had

Trimble disclaimed the trust by refusing to sign the written acceptance with the defendants, repudiating it when tendered, and doing no act in execution of the trust, or inconsistent with the disclaimer, no title to the estate would have vested in him and the deed would not have taken effect. But having accepted, he could only be relieved of the trust and divested of the estate by the order of a court of competent jurisdiction, and this might have been done upon his resignation or his removal from office for a non-compliance with the statute. (*Briggs* v. *Davis*, 20 N. Y. 15; *S. C.*, 21; id., 574.)

A trustee having once accepted the trust in any manner, a purchaser cannot safely dispense with his concurrence in a sale of the trust estate, notwithstanding he may have attempted to disclaim, and although he may have released his estate to his co-trustees. (*Crewe* v. *Dicken*, 4 Ves., 97.) All the trustees must unite in a disposal of the trust property and a deed by two, while a third is living, is not valid. The trustees take as joint-tenants, and must all unite in the execution of the trust, and especially in a deed of lands. (Story Eq. Jur., § 1280; *Brinckerhoff* v. *Wemple*, 1 Wend., 470; *Thatcher* v. *Candee*, 4 Abb. Ct. of App. Dec. 387.) By the first assignment, Duke and More, the assignors, were divested of all title, and nothing passed under the second assignment to the defendants, alone; or by their deed to the plaintiffs. (*Marvin* v. *Smith*, 46 N. Y., 571.) The assignee Trimble did not at any time " enter into a bond," with or without sureties for the faithful discharge of his duties as assignee. The bond given was by the defendants with sureties for the performance by them of their duties. It was in no sense a bond of or for Trimble, and the sureties would not have been liable for his misfeasance or nonfeasance in the execution of the trust. His name as principal as well as one of the assignees, for whose good conduct the sureties became sponsors, was erased from the bond, and upon oyer of the bond this would have appeared. The finding of the learned judge upon the trial, that the defendants on the 31st of July, 1875, executed on behalf of the three assignees a bond under

the act with sureties, is against the evidence and inconsistent with the previous finding, that Trimble had on the 13th of July renounced the trust and refused to act as one of the assignees.

Trimble was not a party to the sale to the plaintiffs, but did unite in the deed tendered them. This act was a nullity, as it was forbidden by law. Before giving the bond with sureties as required, and without giving such bond, he had no power or authority to sell, dispose of, or convert to the purposes of the trust any of the assigned property. This is expressly declared by section three of the statute before quoted, and the prohibition is absolute and cannot be disre-garded by him or by the courts, and the *cestuis que trust* under the assignment, or trustees who may succeed him, may inquire into the validity and legality of his acts under the trust deed. His trust was a dry trust, merely to take pos-session and hold the property until he should become quali-fied and have authority under the statute to dispose of it, and convert it to the purposes of the trust. As he could not lawfully unite in the deed, it was in effect, but the deed of the defendants, two of the three trustees, and did not make a title to the premises which the plaintiffs were bound to or could safely accept.

The order granting a new trial must be affirmed, and judgment absolute for the plaintiffs.

All concur.

Order affirmed.