# THE PLUME AND ATWOOD MANUFACTURING COMPANY, RESPONDENT, v. JOSEPH STRAUSS, APPELLANT.

*Failure of an assignee for creditors to give a bond — does not avoid the assignment.*

The failure of an assignee for the benefit of creditors to give the requisite bond does not, of itself, render the assignment void, and he cannot be compelled, by an order made in proceedings supplementary to execution, instituted on a judgment recovered against the assignor, to pay over to the judgment creditor money received by him as such assignee under the assignment.

APPEAL from an order directing Louis Frank to pay to the plaintiff's attorney the sum of $1,028.78, to be applied in part satisfaction of the judgment recovered in this action against the defendant Strauss.

On January 6, 1877, the defendant in this action made an assignment for the benefit of his creditors to one Louis Frank. Thereafter said assignee filed an inventory and schedules of the estate assigned to him, but was unable to procure and file the necessary bond with the sureties as required by one of the justices of the Court of Common Pleas. Thereafter, on or about the 6th day of August, 1877, the plaintiff in this action recovered a judgment against the defendant, and obtained an order in supplementary proceedings for the examination of Louis Frank, the assignee aforesaid, as a third party having property of the defendant judgment-debtor. Upon the examination it appeared that the assignee held moneys as such, to

the amount of $1,028.87. This amount was directed by an order of his honor, Justice CHARLES DONOHUE, dated September 22, 1877, to be paid over to the plaintiff, from which order this appeal was taken.

*Ed. Lauterbach*, for the appellant.

*A. R. Dyett*, for the respondent.

*Per Curiam:*

It appears in this proceeding that Louis Frank was the assignee of the defendant; that the assignment was made under the act of 1860; that the assignee took possession of the property and filed an inventory, but failed to give any bond, and expressed his intention not to give any, because he had not the ability to furnish the sureties required by law. The omission to file the security does not necessarily render the assignment void. It has been held in a series of cases that, notwithstanding the omission, the title vests in the assignee, and that the trust can be enforced by a court of equity. (*Thrasher* v. *Bentley*, 59 N. Y., 649; *Worthy* v. *Benham*, 13 Hun, 176; *Brennan* v. *Wilson*, 71 N. Y., 502; *Hardmann* v. *Bowen*, 39 id., 196.)

The order made was for this reason unwarranted. The assignee held the property for the benefit of all the creditors, and no one of them would be entitled to such a preference as a proceeding of this kind would give him.

We judge, from the points on behalf of the respondent, that there was an omission by the assignor to acknowledge the assignment, as required by the statute, and an omission to record it. It may be that the order of the learned justice was predicated of that circumstance, but it does not appear, from the papers presented, whether the assignment was acknowledged or not, and, therefore, it is impossible for us to sustain the order, on the ground that the omission to acknowledge was fatal to the validity of the instrument.

It becomes our duty, under the circumstances, therefore, to reverse it, but without prejudice to the rights of the plaintiff to renew the application, if it be as asserted in the brief of the

respondent, that the assignment was not acknowledged and recorded.

Ordered accordingly, without costs of appeal to either party

Present — Brady, P. J.; Ingalls and Daniels, JJ.

Order reversed, without costs.