ALFRED B. WOODWORTH AND OTHERS, RESPONDENTS, *v.* EDWARD C. SEYMOUR, APPELLANT.

SAME *v.* WILLIAM B. DOUGLASS AND OTHERS, APPEL-LANTS.

*Judgment in a former action—when it does not prevent the bringing of a second one—General assignee cannot convey property assigned until he has filed a bond —1860, ch. 348, § 3.*

In October, 1878, the plaintiffs brought an action in a justice's court, against the defendants in the second of the above entitled actions, to recover damages for the conversion of certain wheels belonging to them. The plaintiffs having recovered a judgment, the defendants appealed to the County Court, where a new trial was had, and a verdict rendered in favor of the defendants. The defendants in that action, besides denying the plaintiff's ownership of the wheels, claimed to have a lien upon them for work and labor thereon. Thereafter these actions were brought to recover for the conversion of the same wheels.

*Held*, that the former judgment only showed that some one of the defenses interposed by the defendants in the former action had been decided in their favor, and that it constituted no bar to the second of the above entitled actions.

*Quære*, as to whether it was admissible for the plaintiffs to show that the county judge had, in his charge, decided the question of ownership in their favor, and taken that question from the jury.

A conveyance of property made by a general assignee for the benefit of creditors, before he has filed the bond required by section 3 of chapter 348 of 1860, is a nullity, and may be questioned and set aside, not only by the creditors of the assignor, but by the successors of the assignee.

APPEAL in the first of the above entitled actions from a judgment in favor of the plaintiffs, entered upon the verdict of a jury. The second action came before the court upon a motion for a new trial, upon a case and exceptions ordered to be heard in the first instance at the General Term.

Both actions were brought to recover certain articles of personal property formerly belonging to William J. Allen and Charles D. Uhl.

In October, 1878, these plaintiffs had brought an action against the defendants, in the second of the above entitled actions, in a justice's court, for the conversion of the same property, and recovered a judgment therein. The defendants appealed to the County

Court, where a verdict was rendered in their favor, upon which a judgment was entered. It was claimed that this judgment was a bar to the maintenance of the second of the present actions.

*J. De Motte Smith*, for the appellants.

*William Austin*, for the respondents.

LEARNED, P. J. :

In the second case a question is made which does not arise in the first; that is, whether a previous action between the parties was a bar to the action. In that previous action these plaintiffs sued the defendants Douglass in justice's court to recover certain wheels. The action was appealed to the County Court, and, on a trial there, the defendants had a verdict, and judgment was entered thereon. Afterwards the plaintiffs commenced this action in this court for the same wheels. It appears that among other defenses set up in the answer in that former action was the defense that the defendants had a lien on the wheels for work and labor thereon. And the charge of the county judge was given in evidence to show that the question of the existence of such a mechanic's lien was submitted to the jury, and, indeed, to show that it was the only question. (*Doty* v. *Brown*, 4 N. Y., 71.) That charge shows that the county judge took from the jury the question of ownership, deciding that in favor of the plaintiffs. But whether or not the charge was properly admitted, the record itself only showed that some one of the several defenses had been adjudicated in favor of the defendants, not that all of them had been so decided. We think, therefore, that the former judgment was no bar to this action.

The other question, presented in both cases, respects the title to the property. Allen & Uhl, the original owners of the property, made a general assignment for the benefit of creditors, without preferences, November 29, 1876, to Nathaniel A. Ayers. On February 20, 1877, Ayers, Allen and Uhl conveyed the same property to the plaintiffs. This, therefore, shows a good title *prima facie*. The objections made are several.

First. It appears that Ayers never filed a bond or made sched-

ules.   But that does not prevent the assignment from vesting in him.   (*Brennan* v. *Willson*, 71 N. Y., 502.)

Again.   Allen & Uhl, on December 2, 1876, made another general assignment without preferences, dated back to November 29, 1876, to Ayers and the defendant in the first action.   And it appears that after this assignment both Ayers and the defendant acted as assignees.

Subsequently, on February 6, 1877, Allen & Uhl were adjudged bankrupts, and afterwards, on February 14, a proposition for composition, under section 5103 (U. S. R. S.) of the bankrupt act was made by the plaintiffs, by which they offered to guaranty thirty cents on the dollar to the creditors of Allen & Uhl.   Many of the creditors accepted this offer voluntarily; among them the firm of Pratt & Seymour, of which the defendant Seymour was a member.   The defendant himself signed their name.   But as all of the creditors did not accept, a meeting of creditors was called and held under section 17 of the Bankruptcy Amendment Act, November 17, 1877, and their resolution accepting the composition was recorded in the court August 13, 1878.

It was for the purpose of carrying out this proposed compromise that Ayers, Allen and Uhl conveyed the property to the plaintiffs as above stated; and such conveyance was the consideration of their agreement to secure the thirty per cent. to the creditors of Allen & Uhl.

On May 28, 1877, and after the conveyance aforesaid to the plaintiffs, the defendant in the first action, as assignee of Allen & Uhl, filed his individual bond with sureties for the faithful discharge of his duty as assignee.   The learned justice held, in the first case, that the plaintiffs were entitled to recover from the defendant the property or avails which he had received in his alleged character of assignee, less the proper expenditures.   When the property was demanded by the plaintiffs of the defendant he made no objection to their title, but said that he was ready to give up the property if they would pay his expenses and give him a bond of indemnity.

The subsequent assignment to Ayers and the defendant Seymour did not change the title to the property.   That remained in Ayers. When the debts were paid it would revert to Allen & Uhl; and

therefore they properly joined in the conveyance to the plaintiffs. Nor did the bankruptcy proceedings affect the assignment to Ayers. (*Haas* v. *O'Brien*, 66 N. Y., 597.) The only question, then, is this : whether the failure of Ayers to file a bond affects the conveyance made by him, so far as these defendants are concerned. The object of the provision of section 3, chapter 348, Laws 1860, is the protection of the creditors. As to them Ayers would be responsible for conveying the property before the execution of a bond. (*Juliand* v. *Rathbone*, 39 N. Y., 375.) This was the view taken by the court below in the second case. But the language of the Court of Appeals in *Brennan* v. *Willson* goes much further. It says, that the act of selling by an assignee before execution of a bond is a nullity, and may be questioned by the trustees who succeed him, as well as by the *cestuis que trust*. We are reluctantly compelled to follow this decision. The justice of these present cases is with the plaintiffs. And if it were not for the decision above referred to we should have seen no error in the result. We should have said, as was said by the learned justice who tried the second case, that "the transfer of Ayers to these plaintiffs, though invalid as against creditors, vested a title in the plaintiffs." But if the act be a nullity, as held in that decision, of course, it conveyed nothing. Nor can we say that the trusts of the assignment had been fulfilled, and therefore the property had become re-vested in Allen & Uhl. For there is no evidence in either case that all their debts had been paid, and in the first case there was affirmative evidence offered that debts remained unpaid. Nor is it proved that the debts have been discharged by bankruptcy proceedings. The composition proceedings do not affect secured debts (Rev. Stat. of U. S., 5103, a), nor does the resolution of the creditors bind those whose names do not appear. (Same section.) Thus it cannot be held, on the facts as they now appear, that the trusts of the assignment to Ayers had been ended by the discharge of all debts.

For the reason, therefore, that the decision above cited holds that the transfer of Ayers was a nullity and not merely an act void as against creditors, we must reverse the judgment in the first and grant new trials in both cases, costs to abide the event.

Present—LEARNED, P. J., BOCKES and FOLLETT, JJ.

First case; judgment and order reversed; new trial granted, costs to abide event.

Second case; new trial granted, costs to abide event.