ELIZABETH SMITH, Respondent, *v.* EDWARD H. NEWELL, Appellant.

*General assignment — failure of the assignee to file the bond — 1877, chap. 466, does not operate retrospectively — right of the assignee to make a lease — ratification of an invalid agreement made by an assignee.*

May 9, 1877, one Smith made a general assignment for the benefit of his creditors, which was recorded the next day. The bond of the assignee was filed on August third, and an inventory was made on August second and filed on August third. May eleventh, by a sealed instrument, the assignee leased the farm to the plaintiff, the assignor's wife, for the term of six months for $200. The plaintiff and her husband worked the farm and cut the hay. On August first and August seventeenth the hay was levied upon by the sheriff under executions against the husband as being his property.

In this action brought by the wife to recover the damages thereby sustained:

*Held,* that the failure of the assignee to file the bond as required by chapter 466 of 1877, did not invalidate the assignment, as that act did not take effect until June 16, 1877, and had no retroactive effect.

That even if the assignee had no right to make the lease, yet as the plaintiff had entered under it and paid the rent she was entitled to the hay until the whole agreement should be rescinded.

That the recognition of the lease by the assignee after he had filed his bond, and his allowing the plaintiff to continue in possession and incur the expense of cultivating and harvesting, and his finally accepting the rent, operated as a ratification of the lease.

General Rule No. 34 directing that on appeal the evidence shall not be given by question and answer, and that the exhibits shall not be printed at length, should be observed.

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury, and from an order denying a motion for a new trial made upon the minutes of the justice before whom the action was tried.

*F. R. Gilbert,* for the appellant.

*W. H. Johnson,* for the respondent.

LEARNED, P. J.:

Action for the alleged wrongful taking of twenty tons of hay from plaintiff's possession, being her property, and for its conversion

to defendant's use.   Defense: that the hay, at the time of taking, belonged to David B. Smith, plaintiff's husband; was levied upon under executions, against him, and sold by the officer to defendant, by virtue of such executions.

David B. Smith, owning a certain farm, made a general assignment for the benefit of creditors May 9, 1877, recorded May tenth.   No bond was filed by the assignee until August 3, 1877.   An inventory was made August 2, 1877, and filed August third.   There is however attached to the assignment a schedule of the assignee's property and a schedule of his debts.

May 11, 1877, the assignee, by a writing under seal, leased the farm to plaintiff, for six months, for $200.   She with her said husband continued on the farm and worked it and cut the hay. The officer levied upon the hay; part of it the first, and part the seventeenth of August.   Though it is said that the hay now in controversy was that taken by the second levy.

One question raised on the trial was whether the assignment was made with intent to defraud the creditors of David B. Smith.   That was submitted to the jury and their verdict has settled the question. There remain for us only the questions of law.

Chapter 466, Laws of 1877, took effect June 16, 1877, after the execution of this assignment. Section 28 says that the act is not to effect any proceedings had.   Even without that section, the statute should not receive a retroactive effect, so as to make void an assignment which had been valid under the law when it was executed. Turning then to chapter 348 of Laws of 1860, as amended by chapter 56, Laws of 1875, we find that there is nothing declaring that the neglect to make the inventory or to file the bond, shall make the assignment void.   The statute only says that the bond must be given before the assignee can sell, dispose of or convert the property.   Before, then, the statute of 1877 had taken effect, the assignee had executed the lease under which the plaintiff claims.

The defendant insists in the first place that the assignee had no right under any circumstances to lease the land; that his sole duty was to sell; a right to lease would authorize a hindering of creditors. Grant this to be so, and grant that the lease for six months might be revoked by the assignee or attacked by creditors; still we have the fact, that by the assignee's agreement, the plaintiff went on the

premises to work the farm and that, as she says, she paid him the rent agreed therefor. The payment of the rent then would entitle her to the crops; at least until the whole contract was rescinded. And in that case it would seem that she should be repaid the amount she had paid for rent. So far as the crops are concerned, it might be said that the assignee sold them to the plaintiff for $200.

The next point is that the assignee could not make a valid lease or even a sale of the crops, because at the time he had not filed his bond. (*Brennan* v. *Willson*, 71 N. Y., 502.) Now it seems to us that the opinion of the learned justice who tried this case, given on a motion for a new trial, is quite conclusive. As he says, on the third of August, the assignee gave the required bond. And after that he continued to recognize as valid the lease he had executed, allowed the plaintiff to continue in possession, to incur the expense of cultivating and harvesting and finally received the rent. This, the learned justice says, must be considered a ratification of the rights which the assignee had sought to give by the lease of May eleventh.

This seems to us to be sound. If the assignee had agreed with the plaintiff in May that she might have the crops if she would cultivate and harvest them, and she had gone on to do this, in good faith, then when it was discovered that the agreement had been premature, it would be right and proper for him, when he had obtained power to deal with the property, to ratify his previous agreement. Any other course would have been a fraud upon the plaintiff.

Another point raised by the defendant relates to the former recovery against Tyler. That involved simply a question of fact, and as such, was left to the jury; that is, whether the hay now in controversy was the same with that for which a recovery had been had, or whether it was other hay, and if other, how much. The complaint claimed twenty tons. The jury seem to have found about nine. As the learned justice said in his charge, the evidence is not as certain as might be wished. But there is not, we think, any question of law for us to review.

We may here express our wish that the appellant had observed Rule 34, which directs that the evidence shall not be given by question and answer, and that exhibits shall not be printed at

length.   In the present instance the expense, of course, falls on the appellant; but none the less the inconvenience on the court.

The judgment is affirmed, with costs.

Present — LEARNED, P. J., BOCKES and BOARDMAN, JJ.

Judgment affirmed, with costs.