JAMES J. BYRNE *v.* JOHN ALLEN, HENRY ALLEN,
    HENRY RHODES and W. H. LAMBERT, partners
    under the name of the PORT ANGELES RED CEDAR
    SHINGLE AND LUMBER COMPANY, Defendants,
    and A. FEEK, Garnishee.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

SUBMITTED JUNE 27, 1896.                    DECIDED JULY 9, 1896.

JUDD, C.J., FREAR, J., AND CIRCUIT JUDGE PERRY, IN PLACE OF
                WHITING, J., DISQUALIFIED.

A decision of the court, jury waived, like the verdict of a jury, is to
    be supported unless error is clearly shown; and bills of exception
    are to be taken most strongly against those making them.

It cannot be inferred that the trial court, jury waived, overlooked an
    issue of fact, where it has made a general finding which can be
    sustained by the evidence, although it has not expressly referred
    to the issue in question, and has expressly referred to other issues,
    the record not showing otherwise that the court did in fact over-
    look the issue.

OPINION OF THE COURT BY FREAR, J.

This case came here on two bills of exceptions, in passing
upon which the court, among other rulings, ordered a new
trial upon one branch of the case, on the ground that a material
issue of fact, relating to plaintiff's status as a domestic creditor
or otherwise, had been overlooked by the trial court. (See
decisions *ante*, pp. 325, 327.) Plaintiff's counsel thereupon
contended that the point, whether the issue in question had been
overlooked by the trial court, had not been raised or argued in
this court, and that therefore he was entitled to be heard upon

that point under the provisions of Section 57 of the Act to Reorganize the Judiciary Department. We think this contention correct, although we must confess that it was difficult to say from the record and arguments of counsel. precisely what questions were to be regarded as submitted for the consideration of the court. Having now heard counsel on both sides upon this point, we are of the opinion that the record is such as not to sustain the inference that the issue in question was overlooked by the trial court. It is true no express finding was made thereon, and express findings and rulings were made upon other specific points, besides the general finding for the plaintiff. But a decision of the court, jury waived, is of the nature of a jury verdict and must be supported unless error is clearly shown, and bills of exceptions, like pleadings or conveyances, are to be taken most strongly against those making them. In this instance the express specific findings and rulings were correct, and there was a general finding for the plaintiff which can be sustained by the evidence. The exceptions taken must be considered as raising the question whether the general finding was contrary to the law and the evidence, rather than the question whether the trial court failed to consider the issue in question at all. Whether he did in fact consider it though not expressly referring to it, or whether he considered it waived in view of the fact that no attempt was made to meet the plaintiff's affidavit relating thereto, there being already against this only the unsworn allegation relating thereto in the receiver's petition, or whether the issue was in fact overlooked, we cannot say from the record. We can only say that it is not clearly shown by the record that the issue was overlooked, and the exceptions do not clearly raise the question.

The order for a new trial upon this phase of the case is reversed; and we are informed that the plaintiff has remitted the sum named by the court to be remitted as a condition for avoiding a new trial on the other branch of the case, thus making any new trial at all unnecessary.

*A. S. Hartwell*, for plaintiff.

*L. A. Dickey*, for receiver and garnishee.