## CHUN NGIT NGAN *v.* THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, A NEW JERSEY CORPORATION.

### No. 1556.

#### PETITION FOR REHEARING.

FILED DECEMBER 29, 1924.                    DECIDED JANUARY 8, 1925.

PETERS, C. J., PERRY AND LINDSAY, JJ.

APPEAL AND ERROR—*rehearing—grounds—opinion on immaterial point.*
A rehearing will not be granted on the ground that the court expressed an opinion upon a point not argued by counsel, when the point was not material to the decision of the case.

OPINION OF THE COURT BY PERRY, J.
(Peters, C. J., dissenting.)

The defendant in error moves for a rehearing on the grounds that "the keystone of the decision" in this cause is contained in its statement that "the rule sometimes referred to in construing policies of insurance, that their language, because it was chosen by the insurer, is in case of ambiguity to be taken most strongly against the insurer is not applicable in this instance because there is a statute in this Territory requiring the inclusion in all policies of life insurance of a clause providing for incontestability after the lapse of two years from their issuance;" that this "statement of the rule is against the great weight of authority in this country;" that "the point was decided without argument by counsel" and without its having been raised by the plaintiff in error; that the statute (L. 1917, Act 115, Sec. 50, Subd. 3) did not require the insertion in the policy under consideration of the particular clause relating to incontestability there appearing; and that the decision "is contradictory

in that it rejects the rule that the policy shall be construed in favor of the insured or his beneficiary because of the insurance statute of the Territory and yet construes the policy under section three of the majority opinion as having been drafted by the insurer and as containing the language which the insurer desired most to use."

In the opinion filed the conclusion of the majority was not based upon any ambiguity of the language used in the contract. No ambiguity was found in the clause relating to incontestability but on the contrary comment was made upon the uniformity of definition in the dictionaries of the leading words involved. For this reason, therefore, if for no other, the rule of construction referred to in the petition for rehearing is inapplicable in the case at bar.

The prohibition of section 2259, R. L. 1915, against the decision of points not argued by counsel is directed merely to points which are "material to the decision of the case." The question of whether or not the statute rendered the rule of construction inapplicable in case of ambiguity was not material to the decision of this case. A rehearing or reconsideration of the point could not possibly affect the conclusion of the court that the judgment appealed from must be reversed.

The petition is denied without argument, under the rule.

*Thompson, Cathcart & Beebe* for the petition.

### DISSENTING OPINION OF PETERS, C. J.

Movant predicates her motion for a rehearing, not upon Rule 5 of this court but upon section 2259, R. L. 1915, which provides among other things that "after the argument of any cause, or when the same is submitted on briefs, if the court is of opinion that a certain point or legal proposition is involved which is material to the

decision of the case and which has not been raised or argued by counsel on either side, the case shall not be decided on such point or proposition until counsel for both sides have had an opportunity of arguing the same before the court." The movant in her brief contended that the language of the policy, being the language of the insurer, it should in case of ambiguity be taken most strongly against the insurer. The majority held that this rule was not applicable because of a territorial statute (L. 1917, c. 115, s. 50, subd. 3) requiring the inclusion in all policies of life insurance of a clause providing for incontestability after the lapse of two years from their issuance, citing the statute. Whether the language of the incontestability clause was ambiguous and what rules of construction should be applied thereto were material to the decision. That the majority held that the incontestability clause was not ambiguous is immaterial. It considered the point raised and rejoined thereto. The point being material its rejoinder was material. Moreover, its rejoinder was something entirely new. The statute requiring the inclusion in life insurance policies of an incontestability clause was not called to the attention of the court by counsel either in their briefs or upon argument. It was a rejoinder resulting from the industry of the court. Under the circumstances we have a clear case of a point involved which was material to the decision which had not been raised or argued by counsel on either side. The statute is mandatory. The movant is entitled to a rehearing as a matter of right. The motion for a rehearing should be granted.