IN THE MATTER OF THE ESTATE OF BERNICE PAUAHI BISHOP, DECEASED.

No. 2443.

ARGUED MAY 19, 1940.     DECIDED JULY 19, 1940.

COKE, C. J., PETERS AND KEMP, JJ.

OPINION OF THE COURT BY KEMP, J.

This is an appeal by the attorney general of the Territory from an order of the circuit judge of the first circuit, at chambers, in equity, accepting the resignation of Eben Faxon Bishop as a trustee under the will and of the estate of Bernice Pauahi Bishop, deceased, effective February 8, 1940, and requiring that he file a supplemental account from the date of his last pending account to February 8, 1940, and providing that the acceptance of said resignation shall be without prejudice of any kind to any claim of surcharge that may be made or adjudged against the said trustee or against the surety on his bond, either as to the pending account or the further supplemental account to be filed, or otherwise, in any respect.

The attorney general contested the petition of Mr. Bishop for leave to resign, basing his contest primarily on the fact that the accounts of Mr. Bishop and his co-trustees for 1938 and 1939 have not been settled and allowed. The master appointed to report upon said accounts has recommended surcharges and the matter is now pending before the circuit judge on said report and the trustees' exceptions thereto. There is no contention

that the advanced age and ill-health of Mr. Bishop, the reasons alleged and proved for his desire to resign, do not render him incapable of discharging his duties as trustee nor is it contended that they do not justify the granting of his petition for leave to resign, but it is insisted that in view of the opinion of this court in *Damon* v. *Hyde*, 11 Haw. 153, the resignation should not become effective until he has made a satisfactory accounting and had his accounts approved.

After the argument we entered an order, on May 29, 1940, affirming the order of the circuit judge, our reasons for the affirmance to be filed in due course.

From an inspection of the record in the case of *Damon* v. *Hyde, supra,* it appears that the order of the circuit judge accepting Mr. Damon's resignation as trustee of the same estate here involved contained no requirement that he account for the period intervening between the last accounting and the date of the order accepting his resignation. On appeal this court approved the acceptance of his resignation but remanded the case, stating that "it does not appear that the Circuit Judge has gone far enough into the matter; for in connection with the resignation of a trustee, there should be at least an accounting, an appointment of a new trustee and a decree transferring and conveying the estate of the trust to the new trustee, and until this was done his discharge could not be complete; and for these reasons we remit the case to the Circuit Judge to be reopened or such further proceedings to be had as may be necessary."

The attorney general argues that *Damon* v. *Hyde* establishes that before such a resignation can become effective there must be (1) an accounting; (2) the appointment of a successor; and (3) the vesting of the trust estate in such successor, and asserts that an "accounting," as that term is used by the court and as used by him in

his argument, involves not only a statement of debits and credits of the trustee but also responding to any liability incurred on account of losses improperly sustained in the management of the estate.

It is not questioned that before the resigning trustee can be relieved of liability for breaches of trust committed by him prior to his resignation he must present his accounts to the proper court, brought down to the effective date of his resignation, and abide the judgment of the court authorized to pass upon them. Neither is it questioned that before final discharge of the resigning trustee there must be a successor trustee appointed and the trust estate vested in such successor, but in our opinion the language of the court in *Damon* v. *Hyde* is not susceptible of the interpretation that these steps, or any of them, must be taken before the effective date of the resignation. The language of the court, when carefully considered in the light of the fact that the order accepting Mr. Damon's resignation did not require of him an accounting, means nothing more than that, until there had been an accounting, a new trustee appointed and a vesting order entered, the resigning trustee could not be completely discharged from liability for his acts as such trustee as distinguished from the acceptance of his resignation, thereby relieving him of further participation in the management of the estate. When thus interpreted the holding in that case is in full accord with our views.

The circuit judge seems to have construed the language of the court in *Damon* v. *Hyde,* above quoted, as requiring an accounting, the appointment of a new trustee and a decree vesting title in the successor trustee before the resignation of the trustee could become effective, but declined to follow that opinion on the ground that this court, in his opinion, acted in direct contravention of a prohibitory law, now section 3601, R. L. H. 1935, by passing upon

a point which counsel had not been given an opportunity
to argue, and concluded that the portion of the opinion
quoted is void under the provisions of section 8, R. L. H.
1935, which provides that "Whatever is done in contraven-
tion of a prohibitory law is void, although the nullity be
not formally directed." We find no basis for the con-
clusion that this court passed upon a point which counsel
had not been given an opportunity to argue. What took
place at the oral argument is not disclosed by the opinion
and is not contained in the record. It cannot, therefore,
at this late date be ascertained whether or not counsel
were given an opportunity to argue the point or legal
proposition decided. If counsel were not given an oppor-
tunity to argue the point, it does not follow that the
decision on the point is void. Where a case is decided
upon a point or proposition involved and material to the
decision of the case, which has not been raised or argued
by counsel on either side, the failure to afford counsel for
both sides an opportunity to argue the same before the
court is, under the statute, ground for a rehearing.
(*Byrne* v. *Allen*, 10 Haw. 338; *Chun Ngit Ngan* v. *Insur-
ance Co.*, 28 Haw. 157.) But to secure a rehearing upon
such ground the party or parties aggrieved must petition
therefor in conformity with the rules of court applicable
thereto. Of course, even though the petition for rehear-
ing be granted, it does not necessarily follow that the
court, upon rehearing, will change its original decision.
But no petition for a rehearing was filed in the *Damon-
Hyde* case by any of the parties. The statutory mandate
that no case shall be decided upon a point or proposition
involved and material to the decision, which has not been
raised or argued by counsel on either side, is not juris-
dictional. The right to petition for a rehearing and the
correlative right to argue the point may be waived. And,
if it may be said that the decision in the *Damon-Hyde*

case infringed the right of argument preserved to the parties by the statute, in the absence of a petition for a rehearing, the right to petition therefor and to argue the point must be deemed to have been waived.

We conclude, therefore, that there is no justification for the conclusion of the circuit judge that any part of the decision in *Damon* v. *Hyde* is void. But the fact that the reasoning of the circuit judge was faulty will not justify reversing a correct order, judgment or decree (*Estate of Mary E. Foster*, 33 Haw. 666, and cases cited), though the faulty reasoning amply justifies bringing the case to this court in order that the question of the validity of said opinion might be settled and its meaning clarified.

The order appealed from is affirmed.

*E. K. Kai*, Assistant Attorney General (*J. V. Hodgson*, Attorney General, with him on the briefs), for appellant.

*A. G. M. Robertson* (*Robertson, Castle & Anthony* on the brief) for appellee.

